## COLUMBUS RAILROAD COMPANY *v.* DORSEY.

Where a lineman of a telephone company, of experience, aged nineteen years, was killed by contact with a wire of an electric lighting company, which had been strung on the poles of the telephone company, and from which wire the insulation had worn off near the pole which he had climbed, and for several feet on each side of the pole, he knowing, or being able to know by ordinary diligence, that the wire was so exposed, his mother can not recover from the electric lighting company the value of his life.

Argued December 14, 1903. — Decided January 13, 1904.
Rehearing denied February 12, 1904.

Action for damages. Before Judge Willis. City court of Columbus. January 5, 1903.

*Louis F. & Frank U. Garrard, J. H. Martin*, and *W. Cecil Neill*, for plaintiff in error, cited Hector *v.* Elec. Lt. Co., 25 L. R. A. 554, 5 Am. El. Cas. 300; *Aug. R. Co.* v. *Andrews*, 89 *Ga*. 653;

*Ga. Pac. R. Co.* v. *Richardson*, 80 *Ga.* 727; *Andrews* v. *Cen. R. Co.*, 86 *Ga.* 192; *Atla. R. Co.* v. *Loftin*, Id. 43; *Sheats* v. *Rome*, 92 *Ga.* 535; *Cook* v. *Atlanta*, 94 *Ga.* 614; *Cain* v. *Macon R. Co.* 97 *Ga.* 298; *Ga. So. R. Co.* v. *Cartledge*, 116 *Ga.* 164; Huber *v.* LaCrosse R. Co., 31 L. R. A. 588, 6 Am. El. Cas. 285.

*W. R. Hammond* and *John D. Little*, contra, cited *Atla. R. Co.* v. *Owings*, 97 *Ga.* 663; *City Council* v. *Hudson*, 88 *Ga.* 600; Joyce's El. L. §§ 1048–50; I. & St. L. R. Co. *v.* Horst, 93 U. S. 291; Ahern *v.* Oregon T. Co., 22 L. R. A. 635; Denver El. Co. *v.* Simpson, 31 L. R. A. 566; McLaughlin *v.* L. El. Co., 34 L. R. A. 812, 6 Am. El. Cas. 265; Macon *v.* Paducah R. Co. (Ky.), 62 S. W. 496, 7 Am. El. Cas. 630; Lexington R. Co. *v.* Fain, 71 S. W. 628; Perham *v.* Portland El. Co., 33 Ore. 451, 40 L. R. A. 799, 7 Am. El. Cas. 487; Thomas *v.* Ry. Co., 7 Am. El. Cas. 589; Newark El. Co. *v.* McGilvey, Id. 529; Anderson *v.* El. Lt. Co., Id. 557; Schweitzer *v.* El. Co., Id. 571; Brown *v.* El. Co., Id. 576; O'Donnell *v.* El. Co., Id. 587; Caglione *v.* El. Co., Id. 622; Will *v.* Edison Il. Co., Id. 642; Griffin *v.* El. Co., 6 Am. El. Cas. 252; Newark *v.* Garden, Id. 275, 37 L. R. A. 725.

TURNER, J.   Mrs. Dorsey brought a suit against the Columbus Railroad Company, a corporation having its principal office in the city of Columbus, alleging that the defendant had injured and damaged her in a large sum.   Her petition, as amended at the trial, set forth averments to the following effect:   The defendant was the owner of an electric lighting system in the city of Columbus, and was operating an electric lighting plant.   In the operation of its business, on a day named, the defendant was engaged in manufacturing and generating currents of electricity and transmitting them along wires strung upon poles in that city, which currents were of sufficient strength to be dangerous to human life. On said day, a son of the plaintiff was in the employ of the Southern Bell Telephone & Telegraph Co., and was performing the duties of a lineman for said last-named company.   As such lineman, he ascended one of the poles of the telephone company for the purpose of performing some duty in connection with the stringing of the wires of that company on said pole, or fastening a cross-beam for said purpose; and while in the performance of his duty he came in contact with one of the wires of the defendant, which was charged with electricity, and by reason of said

contact received a heavy and dangerous charge of electricity through his body, by means of which he was instantly killed. Plaintiff's son was acting with proper prudence and precaution, and was without fault on his part in coming in contact with said wire. This wire, which was charged with the current of electricity which caused his death, was the property of the said defendant, and was in use by said defendant at the time in the transmission of one of its currents of electricity in the transaction of its business; and the same was, or should have been, an insulated wire; but the insulation of the wire had become worn off at a point near the pole and for several feet on either side of the same, so as to leave said wire exposed and making it dangerous at that point. The defendant was negligent in allowing the insulation of said wire to be worn off and said wire to remain exposed, so that a person climbing said pole would be in danger of coming in contact with an exposed wire heavily charged with a dangerous current of electricity. Said wire of the defendant was strung upon the pole of said telephone company with the consent of said telephone company, and it was the duty of the defendant to protect said wire so that the operatives of the telephone company, whose duties it was to ascend the poles of said company in and about their duties in connection with their work for it, would not be exposed to the danger of coming in contact with a wire heavily and dangerously charged with electricity, and the defendant was negligent in not doing so. The plaintiff further alleged in her petition that she had been dependent upon her son for a support, and that he had, at and before the time of his death, contributed to her support; that he left neither wife nor children, never having been married; and that at and before his death he was able to earn, and did earn, the sum of two dollars per day.

To this petition the defendant demurred generally, on the ground that no cause of action was therein set forth; and also demurred specially, because (1) the plaintiff did not allege that the defendant company strung its wire upon the pole of the telephone company, or that it was strung on its pole, with the knowledge and consent of the defendant company; and (2) because the plaintiff did not aver that her son did not know of the fact that said wire was attached to the pole of the telephone company and had become defective by reason of the insulation being worn off. The

court below overruled these several demurrers, and the defendant excepted. In the argument upon these demurrers before this court, it was conceded by counsel for the defendant in error that it was to be presumed that this unfortunate lineman did know that the wire of the plaintiff in error was strung upon the pole of the telephone company, and that he also knew that at or near this pole, and for several feet on each side of it, the wire was naked or without necessary insulation. It seems, also, that he was a young man of experience in his business, earning two dollars a day. Under these circumstances, if there was a safe way to pass this dangerous wire, it was incumbent on the lineman to avoid the danger, and his failure to do so would demonstrate negligence on his part. On the other hand, if it was unsafe to undertake to pass this dangerous wire, the lineman should not have attempted it. In either view, he did not observe ordinary care, and his mother is not entitled to recover. Civil Code, § 3830. The general allegation in her petition, that he was acting with proper prudence and precaution, and was without fault on his part, seems to be rebutted by the facts and circumstances recited in the petition. We therefore think the demurrers should have been sustained.

*Judgment reversed. All the Justices concur.*