*J. J. Bull* and *O. M. Colbert,* for defendant.

---

## DORSEY *v.* COLUMBUS RAILROAD COMPANY.

The amendments allowed when the case was returned to the court below did not cure the defect apparent in the petition when it was before this court on a former occasion (119 *Ga.* 363), to wit, that it was necessarily inferable from the plaintiff's allegations that her son, for whose homicide she sued, could, by the exercise of reasonable care, have avoided the consequences of the defendant's negligence ; and it was therefore not error to sustain the demurrer to the petition as amended.

Argued December 12, 1904. — Decided January 27, 1905.

Action for damages.     Before Judge Willis.     City court of Columbus.     April 4, 1904.

*W. R. Hammond* and *J. D. Little,* for plaintiff.

*L. F. & F. U. Garrard, J. H. Martin,* and *W. C. Neill,* for defendant.

CANDLER, J.   This case has once before been to this court, on exceptions to the overruling of a demurrer to the plaintiff's original petition; and the judgment of the lower court was reversed, on the ground that the petition showed that the plaintiff's decedent could, by the exercise of ordinary diligence, have avoided the consequences of the defendant's negligence which it was alleged caused his death.   See *Columbus R. Co.* v. *Dorsey,* 119 *Ga.*

363, for a full statement of the allegations of the original petition. When the case was again called in the court below, and before the remittitur from this court had been made the judgment of that court, the plaintiff, by leave of court, amended her petition. To the petition as amended the defendant again demurred, and its demurrer was sustained. Error is now assigned on the judgment sustaining the demurrer to the amended petition. In the original petition it was alleged that the plaintiff's son, for whose homicide she sued, while in the exercise of his duty as a lineman of a telephone company on whose poles the wires of the defendant were strung, came in contract with a wire of the defendant, from which the insulation had been negligently allowed to wear off, and that " by reason of said contact [he] received a heavy and dangerous charge of electricity through his body, by means of which he was instantly killed." From the opinion of Mr. Justice Turner, delivered when the case was here before, it appears that in the argument at that time "it was conceded by counsel for the defendant in error [now the plaintiff in error] that it was to be presumed that this unfortunate lineman did know that the wire of the plaintiff in error was strung upon the pole of the telephone company, and that he also knew that at or near the pole, and for several feet on each side of it, the wire was naked or without necessary insulation." The amendment offered and allowed when the case went back to the lower court is not altogether consistent with the original petition. It is now alleged that " there would have been no danger in the said Claude Dorsey's coming in contact with said uninsulated wire unless he had likewise at the same time come in contact with some conductor connected with the earth, thereby completing an electrical circuit; that he passed the dangerous wire in safety going up the pole; and that by an accident the wood of the pole in which one of the spurs attached to his foot was fastened gave way, the spur slipped, and he fell in such a way that his foot came in contact with the defendant's uninsulated wire and his head with one of the wires of the telephone company, thus completing an electrical circuit and causing his body to receive the current of electricity which brought about his death. It is also alleged that " said Claude Dorsey was not an experienced lineman, but was new in the business, . . and because of his inexperience he did not know and

fully understand the danger of coming in contact with said wire, unless at the same time he was handling the telephone wires above, and therefore was not guilty of negligence in coming in contact with the same, he not being engaged at the time in handling the telephone wires above but only in fastening braces to the cross-arms which supported said telephone wires." Here, we think, is the key to the whole case. By necessary inference from the amendment, Dorsey knew that an electrical circuit formed by the contact of his body with the uninsulated wire on the one hand and the grounded telephone wire on the other would be dangerous to life. He knew that the defendant's wire was defectively insulated, for he passed it on his way going up the pole. While not "handling" the telephone wires, he was in close proximity to them — fastening braces to the cross-arm that supported them. He must have known (there is no allegation to the contrary) that the position of a lineman at the top of a telephone pole is not secure, and that there is ever present the hazard of a sliping spur or a rotten piece of wood. With full knowledge of the defective insulation of the defendant's wire, and of the certainty of receiving the death-dealing current should he come in contact with that wire and another grounded wire at the same time, he placed himself in a position where that combination of circumstances was likely to be brought about and was brought about. The amendment made no better case than did the original petition, and it was not error to sustain the demurrer.

<em>Judgment affirmed. All the Justices concur.</em>