7076.   ZACHERY *v.* MAYOR AND COUNCIL OF MADISON.

WADE, C. J.   1. Where a lineman of a telephone company, who had enjoyed several months experience in its service in that capacity, aged about 20 years, and not lacking in intelligence, was injured by contact with electric-light wires belonging to a municipality, which had been strung on poles in close proximity to the poles of the telephone company and from which the insulation apparently had been worn off

near the telephone pole which the lineman climbed, as appears from his testimony and other testimony in his behalf, he knowing, or being able to know by ordinary diligence, that the wires were so exposed, he was not entitled to recover from the municipality on account of the injuries. *Columbus Railroad Co. v. Dorsey*, 119 *Ga.* 363 (46 S. E. 635); *Dorsey v. Columbus Railroad Co.*, 121 *Ga.* 697 (49 S. E. 698).

(a) From the testimony of the plaintiff himself, it is manifest that he failed to exercise ordinary care to prevent the injury resulting from the improper insulation of the electric-lighting wires, notwithstanding he had sufficient knowledge of the danger to be expected from contact with them, and his own admission that he had been warned by his employer to "look out" for worn insulation, and other testimony to the effect that the defective insulation was easily apparent at the point where he was injured.

(b) The allegations in the petition of the plaintiff to the effect that he was ignorant of the danger incident to the performance of his duties as a lineman in close proximity to the electric-light wires of the city, and also as to his ignorance of the defective condition of said wires and the imperfect insulation thereof, were not only unsupported by testimony, but were in effect directly contradicted by the evidence of the plaintiff himself and by other evidence in his behalf.

2. The court, at the close of the testimony for the plaintiff, upon motion of the defendant's counsel, ordered that the case be dismissed and the defendant discharged at the plaintiff's cost. The motion to dismiss was based upon the ground that the petition set out no cause of action, and that the evidence showed no right to recover. By the evidence in behalf of the plaintiff his right to recover was disproved by proof of undisputed defensive facts showing such failure to exercise due care on his part as precluded any recovery. Under this view a nonsuit would have been proper; and this we construe in effect to have been the judgment of the lower court. See *Evans v. Josephine Mills*, 119 *Ga.* 448 (46 S. E. 674).                                         *Judgment affirmed.*

DECIDED JULY 29, 1916.

Action for damages; from city court of Madison—Judge Anderson. October 12, 1915.

*Middlebrooks & Pennington, F. H. Burruss Jr., Samuel H. Sibley,* for plaintiff in error. *E. H. George,* contra.