## 24044. GEORGIA POWER COMPANY *v.* PUCKETT.

Decided February 16, 1935.

*Colquitt, Parker, Troutman & Arkwright, Foley & Chappell, George Huling,* for plaintiff in error.

*A. L. Hardy, J. B. Peavy,* contra.

Sutton, J. This case arose on account of an injury received by the plaintiff in catching hold of a broken telephone wire that had become charged with electricity from adjacent high-tension power lines of the defendant company. The defendant company denied liability, setting up that the plaintiff's injuries were brought about by his own negligence and failure to exercise ordinary care to protect himself. It is contended by the defendant that the plaintiff's own testimony shows this fact; that he was in charge of the Hamilton Telephone Company, and was an experienced lineman; that he knew that the power company's lines were constructed over and so near the telephone lines that there was a leakage of current from the power company wires to the telephone lines at a place in front of the Field Rock Club House in Hamilton, and that this

condition had existed for as much as a year; that some of the wires of the power company were down in the alley near this club house on the morning after the electrical storm; that the plaintiff knew that if the wires came in contact with the telephone wires they would be charged with electric current; that his telephone system was disturbed and the service disrupted on the night of the storm; that immediately after seeing some of the wires of the power company down in the alley near the club house, he walked down this alley a very short distance, where he saw a telephone wire burned or broken in two and hanging down by a telephone pole near the edge of the alley, and that he stepped over to this wire and took hold of it with his bare hand and received the injury complained of.

From the plaintiff's own version of the occurrence the facts can be addressed substantially as follows: that at the time the defendant power company erected its power and electric-light lines in Hamilton, Georgia, the lines of the Hamilton Telephone Company were already there and being used by the telephone company; that at some places in the City of Hamilton the high-tension wires of the defendant were very close to those of the local telephone company, and at points crossed over such telephone lines, sagging down sometimes to not more than three or four inches above the lines of the telephone company; that the insulation had become faulty and worn off from these high-voltage wires of the power company at certain places; that this had caused the electric current to leak onto the telephone wires, causing trouble with the telephone system, for instance causing the drops on the old-type switchboard to fall, as if some one were ringing for the operator; that one particular place where the high-tension electric wires crossed above the telephone wires was near the Field Rock Club House; that the electric wires were only a few inches above the telephone lines at this point, and the insulation was worn off the electric wires at this place; that the plaintiff was the manager and sole operator and lineman of the telephone company in Hamilton; that on the night of July 31, 1933, there was a wind, rain, and electric storm at this city; that electricity upon the telephone lines became so bad that the plaintiff had to cease the operation of the telephone system about ten o'clock that night; that there was some trouble with the electric wires in the vicinity, plaintiff knowing this from the fact that there was a continual falling of the drops on the

switchboard and burring sound over the wires; that lightning disturbed the telephone system in that manner and there was an unusual amount of lightning that night; that the plaintiff also knew that there was some trouble on the power lines from the fact that an alarm bell of the power company located in a near-by house rang several times; that the power company was informed by its agent that there was trouble with its wires in said city and sent a lineman there the next morning to make an examination of the condition; that about seven o'clock a. m., the plaintiff, without being invited or requested to do so, went with the power-company man to look over the situation and ascertain the extent of the damage and trouble, the plaintiff's object being to see about his telephone lines, that they walked out towards the Field Rock Club House, where apparently there was trouble, and they saw some of the power-company wires down in the alley just below the club house; that the plaintiff knew that it was dangerous to touch a live wire and that a telephone wire could be charged with electricity by contact with an electric wire; that there was a switch there that could have been turned off and all the electric lines in the city would have been dead, but the defendant's servant did not turn it off; that the plaintiff observed a telephone wire broken in two and hanging down on a telephone pole to within about four feet of the ground; that this was just a few feet from the edge of the alley and down near where this alley intersects with the Columbus highway and south of where the power company lines were down in this street or alley below the club house; that the plaintiff did not have any tools with him to repair his wires, but had come on this trip to make an examination of conditions; that the plaintiff, for no apparent reason, crossed the street and caught hold of the loose telephone wire and the same was alive, charged with electric current from the power lines, when he was shocked and immediately rendered unconscious, producing the injuries complained of.

It is contended by the plaintiff that his injuries were not caused by his own failure to exercise ordinary care, and that the evidence shows that he had every reason to believe that the wire he caught hold of was not charged with electric current, but that the trouble with the telephone system and this wire that he caught hold of was caused by lightning during the electric storm the night before he was injured; that while he knew the power company lines were

constructed and maintained over his telephone lines and so close thereto in some places that the current leaked onto the telephone lines from the power company wires, which had caused a partial disruption of the telephone service, no personal injuries had resulted to any one therefrom up to that time; but that a complete disruption of the telephone system had been caused on the night of the electric storm; that he found the fuse-box of the telephone company on fire immediately after the storm subsided, and climbed the telephone pole and undertook to pull the wires from this fuse-box with his bare hands, and, failing to get them loose, he then wrapped an iron chain over these wires and stood on the ground and pulled them loose; that he received no shock from doing this, and, therefore, thought that lightning had caused and was responsible for the trouble with the telephone system; that a witness for the power company testified that the plaintiff told him just a short time before he was injured "that he had a terminal box burnt up down there and thought it was lightning;" and that the plaintiff testified that the agent of the power company, with whom he went that morning to the alley in front of the club house, stated to the plaintiff that the trouble was in the opposite direction from where they saw the power-company wires down in the street or alley and from where the telephone wire was hanging down, which caused the injury to the plaintiff when he took hold of it.

It was contended by the plaintiff that the defendant was negligent in the construction and maintenance of its lines in Hamilton, Georgia, with reference to the telephone lines, and in failing to turn the current off from its heavily charged lines after it had knowledge of the trouble after the electrical storm and knew that some of its wires were down on the ground in an alley.

The jury returned a verdict in the plaintiff's favor for $7500. The defendant moved for a new trial, and, the motion being overruled, it excepted.

1. It is a well-settled principle of law, prevailing in this State, that questions of negligence, contributory or comparative negligence, proximate or direct cause, and the failure of a person to exercise ordinary care and prudence for his own safety, are all questions of fact to be passed upon by a jury, under appropriate instructions from the trial judge as to the applicable law, except in those cases where the evidence demands a particular finding. *Brown* v. *Savannah Electric Co.*, 46 *Ga. App.* 393 (167 S. E. 773).

2. The owner of high-voltage wires strung so near the wires of a telephone company as to endanger employees of the telephone company in the performance of their duties is bound to exercise ordinary care to see that its wires are in such reasonably safe condition as to afford protection from injury to those coming in contact with the wires in the course of their employment. *Trammell* v. *Columbus R. Co.*, 9 *Ga. App.* 98 (70 S. E. 892); *Columbus Power Co.* v. *Puckett,* 24 *Ga. App.* 390 (100 S. E. 800); *Heidl* v. *Southern Bell Telephone &c. Co.*, 122 *Ga.* 474, 478 (50 S. E. 361); Ridgeway *v.* Sayre Electric Co., 258 Pa. 400 (102 Atl. 123, L. R. A. 1918A, 991, Ann. Cas. 1918D, 1, 4, and cit.); 20 C. J. 359, 381, §§ 45, 63; *Rome Ry. &c. Co.* v. *Jones,* 33 *Ga. App.* 617 (127 S. E. 786).

3. The jury must determine the question of the negligence of the owner of high-tension wires maintained for a considerable length of time in a defectively insulated condition, so near to telephone wires as to be liable to endanger employees of the latter company in the performance of their duties about such wires, and also the alleged negligence of the owner in failing to turn the switch and cut off the electric current from its power lines when some of its wires were down upon the ground. *Mayor &c. of Madison* v. *Thomas,* 130 *Ga.* 153 (60 S. E. 461); *Southern B. T. & T. Co.* v. *Howell,* 124 *Ga.* 1050 (53 S. E. 577, 4 Ann. Cas. 707); Ridgeway *v.* Sayre Electric Co., supra.

4. It is a question for the jury to determine in such a case whether an employee of the telephone company was negligent and failed to use ordinary care for his own safety, in failing to discover that a wire of the telephone company, hanging loose from a pole, was charged with electric current from the high-tension wires of the defendant power company, although the plaintiff, an experienced lineman, was bound to know the danger of touching a live wire and to take proper precautions for his own safety, and also knew of the proximity of such high-tension electric lines to the wires of the telephone company, and knew that there had been electrical trouble or disturbances upon both the wires of the telephone company and those of the power company, due to a severe electric storm the night previous, which had blown down some of the wires of the power company onto the ground in an alley, near which plaintiff found one of the telephone wires had been broken

or burned in two and dangling from a telephone pole, and caught hold of it with his bare hand and was injured. See *Trammell* v. *Columbus R. Co.,* supra; *Dollar* v. *Thomasville,* 24 *Ga. App.* 477 (101 S. E. 314) ; *City of Dawson* v. *Smith,* 18 *Ga. App.* 603 (90 S. E. 76) ; *Southern B. T. & T. Co.* v. *Davis,* 12 *Ga. App.* 28 (76 S. E. 786) ; *Southern B. T. & T. Co.* v. *Ellis,* 16 *Ga. App.* 864 (87 S. E. 766) ; *Columbus Power Co.* v. *Puckett,* supra.

5. The case under consideration is unlike *Zachery* v. *Madison,* 18 *Ga. App.* 490 (89 S. E. 594) ; *Columbus R. Co.* v. *Dorsey,* 119 *Ga.* 363 (46 S. E. 635), s. c. 121 *Ga.* 697 (49 S. E. 698) ; *Culbreath* v. *Kutz,* 37 *Ga. App.* 425, 432 (140 S. E. 419). One principle underlying these decisions was that "One who knowingly and voluntarily takes a risk of injury, the danger of which is so obvious that no person of ordinary prudence would have subjected himself thereto, can not hold another liable for damages for injuries thus occasioned." This principle is predicated on the Civil Code (1910), § 4426, which provides that "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover."

6. This case turns on the question whether or not the plaintiff knew, or should have known, or had sufficient reason to know, that the telephone wire he caught hold of without taking proper precautions, was charged with electricity at the time he caught hold thereof; and under the above rulings and the evidence in this case, it was proper for the court to submit that issue to the jury in this case.

7. While the arguments of counsel for the plaintiff excepted to by the defendant in the special grounds of its motion for new trial may have been improper in not being based entirely on the evidence, still the trial judge exercised his discretion in this respect and instructed the jury with reference to the same, and we are of the opinion that such argument was not so improper or injurious as to require a reversal of the judgment.

8. The court did not err in overruling the defendant's motion for a new trial, the verdict being supported by the evidence, and there being no error requiring the grant of a new trial on any of the special grounds of the motion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*