### 37180. CITY OF SYLVANIA *v.* NEESMITH.

TOWNSEND, Judge. 1. The general demurrer to the petition on the ground that the plaintiff, employee of a telephone company who was injured by an electric charge while repairing telephone lines, was a mere licensee as to the defendant, a municipality operating an electric distribution system, is without merit. The petition shows that the plaintiff was within the scope of his employment engaged in testing telephone lines and equipment and does not show that he was a licensee upon property of the defendant. Further, as stated in *Georgia Power Co.* v. *Deese,* 78 *Ga. App.* 704, 707 (51 S. E. 2d 724): "It is unnecessary to decide whether the deceased was a trespasser or licensee, since the duty owed to both is the same, namely, to use ordinary care to avoid injuring him after his presence and danger are actually known or when the danger is known and his presence is reasonably to be anticipated, which, in point of fact, is merely the duty not to injure him wantonly or wilfully. *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607, 609 (58 S. E. 1060); *Cook* v. *Southern Ry. Co.,* 53 *Ga. App.* 723, 725 (187 S. E. 274); *Leach* v. *Inman,* 63 *Ga. App.* 790 (12 S. E. 2d 103)." The petition alleges actual knowledge on the part of the defendant that the plaintiff was on his way to the place where he was injured for the purpose of repairing the telephone line, and actual knowledge that the electric line had broken, "fallen upon and was conveying and conducting 2300 volts of electricity back to the point and place of the Screven County Hospital where the plaintiff was injured." See *Georgia Power Co.* v. *Puckett,* 50 *Ga. App.* 720 (179 S. E. 284), reversed on other ground, 181 *Ga.* 386 (182 S. E. 384). The petition is accordingly sufficient to charge the defendant with lack of ordinary care in failing to warn him of the danger or otherwise avert it, regardless of his status.

2. "An electric company which, after the erection of a telegraph company's line, erects and maintains over and across the line of telegraph wires, or in close proximity thereto, a high-tension wire which carries a dangerous current of electricity is bound to exercise ordinary diligence in the erection and maintenance of its poles and wires, so as to permit an employee of the telegraph company, who ascends a pole of his company in the discharge of his regular duties, to perform his work in reasonable safety; and an employee of the telegraph company, while in the exercise of ordinary care for his own protection, has the right to assume that such high-tension wires are properly placed and insulated so as to render them reasonably safe. . . While it is true that if the plaintiff could, by ordinary care, have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover, . . . still questions as to diligence and negligence, including contributory negligence, are questions peculiarly for the jury, and the court will decline to solve them by decision on demurrer, except in plain and indisputable cases." *Columbus Power Co.* v. *Puckett*, 24 *Ga. App.* 390 (1, 3) (100 S. E. 800). The petition here, which alleges that the fact that a high tension wire a half-mile away had broken and fallen was known to the defendant but not to the plaintiff, and which also alleges that the plaintiff had in possession a volt meter which would test for 50 volts of electricity but that "it showed no volts because the jumper wires were burned out" fails to show such negligence on the part of the plaintiff as to preclude recovery. If, as contended, he was careless in allowing his left arm to come in contact with an open telephone wire leading out of the cable can, there is no allegation from which an inference can be drawn that such wire would have been dangerous except for the fact that electricity from the high-tension line was running into it, following a break in the power line which caused it to fall and lie across the telephone wires at a point some half-mile from the place where the plaintiff was working, and of which he had no knowledge. A jury question is accordingly presented on the issue of contributory negligence. See also in this regard *Southern Bell Telephone & Telegraph Co.* v. *Ellis*, 16 *Ga. App.* 864 (87 S. E. 766); *City of Dawson* v. *Smith*, 18 *Ga. App.* 603 (90 S. E. 76). *Zachery* v. *Mayor &c. of Madison*, 18 *Ga. App.* 490 (89

S. E. 594), *Columbus R. Co. v. Dorsey,* 119 *Ga.* 363 (46 S. E. 635), *Cain v. Ga. Power Co.,* 53 *Ga. App.* 483 (186 S. E. 229), and similar cases are distinguishable on their facts, in that there it clearly appeared either that the plaintiff had actual knowledge of the dangerous condition or that the defect was such that in the exercise of reasonable diligence he must have discovered it. The allegations of the petition set out a cause of action for jury determination, and the trial court did not err in overruling the general demurrers.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 23, 1958.

*W. Colbert Hawkins, Bouhan, Lawrence, Williams, Levy & McAlpin,* for plaintiff in error.

*Limerick Odom, Thomas Odom, T. Ross Sharpe, T. Malone Sharpe, E. W. Hill,* contra.

F. G. Neesmith filed an action for personal injuries in the Superior Court of Screven County against the City of Sylvania, alleging that the defendant operated a system for the distribution of electricity, a ministerial act; that on July 10, 1957, approximately 3 or 4 hours after a severe storm, the plaintiff, who was plant manager for the South Georgia Telephone Company, ascertained that the telephone line to the county hospital was out of order; that on reaching the hospital he established communication with the telephone office and after locating the cable, ascertained by testing that the trouble lay outside the terminal can; that he then attempted to re-establish connection with the office and while doing so his left arm came in contact with the open telephone wire leading out of the cable can which because of the defendant's negligence had become charged with 2,300 volts of electricity, and he was seriously injured as a result. The storm that afternoon caused one of the defendant's power lines to break and fall on the open-wire telephone circuit at a point approximately a half-mile from the hospital, thus charging the telephone line with high voltage electricity. The plaintiff had no knowledge of this, and it was because the electric high-tension line had burned the jumpers loose that it had been impossible for

him to ascertain from the telephone company office that there was a short. The defendant had actual knowledge, for a period of over two hours before the injury, that the power line had broken and fallen and was conducting a circuit of electricity of 2,300 volts back to the place where the plaintiff was injured, and the manager and superintendent of the defendant's light distribution system had actual knowledge that the plaintiff was on his way to that point for the purpose of repairing the telephone line. The plaintiff, however, had no knowledge of the break in the electric line or of the charging of the telephone line and had no way to ascertain that there was a short, because the plaintiff, using a 50-volt meter in his possession, tested, but the meter showed no voltage because the "jumper wires" were burned out. The defendant was negligent in that its officers and employees, with actual knowledge that the high-tension electric line had fallen on and shorted out the open telephone line, and with actual knowledge that the plaintiff was going out to repair the telephone line, failed to notify him of the danger or to take any steps to remove the power line from contact with the telephone wire, or to throw the switches and thus shut off the electric current, which negligence was the immediate and proximate cause of the plaintiff's injuries.

The trial court overruled general demurrers to the petition, and this judgment is assigned as error.