WALTER S. CLARK, and others, plaintiffs in error, vs. THE PIGEON ROOST MINING COMPANY, defendant in error.

[1.] A question of contested right of possession cannot be settled by an order at chambers, on the affidavit of one party and without notice to the other.

[2.] When such an order has been passed in favor of the complainant in a bill, and then the bill dismissed by complainant without the knowledge of defendant, the latter has a right to have the case reinstated in order to have the first illegal order set aside.

[3.] Service of a bill of exceptions on counsel who procured the decision brought up for review, although he may say he had *ceased* to be counsel before he was served, is good service. He *can't* cease.

In Equity, motion to reinstate cause, &c. Before Judge WORRILL, in Muscogee Superior Court, May Term, 1859.

A bill was filed by the Pigeon Roost Mining Company, against the defendants, who are the sons and widow of Michael N. Clark, deceased, to obtain the possession of the books, papers, title deeds, bills, drafts, correspondence, &c. belonging to said company, in the hands and custody of said Michael N. Clark, at the time of his death, who had been Secretary of said company, and which afterwards came into the hands of defendants, and who refused to deliver up the same. The bill also prayed that defendants be enjoined from transferring, using or misappropriating any of said papers, deeds, bills or books, &c. The bill was sworn to by James Wood, styling and representing himself the President of said Pigeon Roost Mining Company.

Defendants pleaded that there was no such corporation as the Pigeon Roost Mining Company; that said company had no organization under its charter, and that complainant could maintain no action in the premises.

Besides their plea, defendants answered said bill, alleging that no administration had been taken out on the estate of Michael N. Clark, deceased, and that the same was unrepresented, and that said books, deeds, papers, &c., were in their custody and possession to be disposed of as the Court should

order and direct. They admitted, that they did refuse to deliver said papers, &c., to Wood, believing as they did, that he had no legal right to their possession, and because they thought it was *their* duty to keep and preserve the same, and because their father, the said Michael N. Clark, and the defendants, as his heirs at law, had an interest in the same, and in the matters and subjects to which they related.

Judge WORRILL, on the 3d December, 1858, granted an order, appointing Wiley N. Hutchins receiver, and requiring the defendants upon five days notice, to turn over to said receiver, all the deeds, books, papers, &c., belonging to complainant, in their hands, custody or possession.

Afterwards upon petition, in which it was alleged that there had, on the day of filing said petition, been a legal organization of said company, and a board of directors and officers duly elected, an order was passed, directing Hutchins, the receiver, to turn over all the papers, &c., to Isaac Cowl, the treasurer elect of said company. In pursuance of this order the receiver, on the 21st January, 1859, turned over and delivered said books, papers, &c., to Cowl, the treasurer.

At the May Term, 1859, of Muscogee Superior Court, counsel for complainants moved to dismiss the bill, stating at the time, that the object for which the bill had been filed, had been accomplished; to which motion counsel for defendants objected. Afterwards, during the same Term of the Court, without notice to defendants or their counsel and without their knowledge, as counsel stated in his place, the Court upon renewal of the motion, granted the order dismissing said bill. Afterwards, at the same Term of the Court, defendants counsel moved that complainant's solicitor show cause, why the order dismissing said bill, should not be set aside, as having been granted improvidently; also moved that complainants show cause so soon as counsel can be heard, why the order granted by the Chancellor on the 14th day of January, 1859, directing the books, papers, &c.,

Clark et al., vs. Pigeon Roost Mining Co.

mentioned in said bill to be delivered by the receiver appointed in this case, to Isaac Cowl, who was represented to be the Secretary of said complainant, should not be set aside and annulled, and said papers returned to the possession of said receiver.

1st. Because no notice of the application for said order was given to defendants, and no opportunity given to them of resisting the same.

2d. Because said order operates as, and in fact is, a final decree in the case, adjudicating the rights of the parties and should not have been granted in vacation and without the intervention of a jury.

On behalf of complainant the receiver was introduced, and stated that a short time after said order was granted, directing him to turn over said papers, &c., to Isaac Cowl, he exhibited said order to one of the defendants, who after showing the same to his counsel, returned it without objection.

After argument, the Court overruled and refused both of the above stated motions. Whereupon, counsel excepted and assigns the same as error.

WILLIAM DOUGHERTY, for plaintiffs in error.

H. HOLT; and JONES & JONES, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

[1.] The defendants in this case, while admitting that the papers in their possession belonged to the Pigeon Roost Mining Company, denied in their sworn answer, that said corporation had any existing organization entitled to represent it, and denied positively that Wood had any such authority, and asserted their interest in the papers as heirs at law of Michael N. Clark, who died a large stockholder in said company. After this answer came in, Wood filed his affidavit by way

of amendment to his original bill, stating that he had cured the defect in his right to sue by getting up the requisite organization *after the answer filed.* Whereupon, the Chancellor, *at chambers, and without notice* to the defendants, passed an order for the delivery of all these papers to Cowl, who appeared from Wood's affidavit, and from that only, to be treasurer under the *new organization.* That is to say, Wood, by *force of his own affidavit alone,* got possession of valuable papers from persons who, at the last time when they had a hearing, were protesting and swearing that they had a deep interest in the papers, and that Wood nor anybody else was entitled to the possession of them. To state this case is to decide it. Even a possessory warrant provides for a hearing, and for security for the property, but here a question of contested right of possession was settled by *changing* the possession on the affidavit of one party, and without notice to the other. Well might the bill have been dismissed after that—it had settled the whole business. It had accomplished what we think could have been done legally only on a regular trial before a jury. We think the defendants had a right to have that order set aside as having been improvidently and illegally passed, and for that purpose they had a right to reinstate the case after it had been dismissed without their knowledge. They were entitled to both the orders moved by them.

[2.] There was a motion in this case to dismiss the writ of error for want of service. It was served on the counsel who represented the defendant in error in procuring the very orders and refusals of orders, which are brought up for review. But it was said they had *ceased* to be counsel when they were served. The reply is, that under the statute prescribing service on attorneys, for the purpose of receiving service, they *could'nt* cease. We think the service was good.

Judgment reversed.

Judge Benning being related to one of the parties, did not preside in this case.