## HAYES *v.* THE STATE.

Inasmuch as counsel for plaintiff in error can, by filing briefs, always prevent dismissal for want of .prosecution, and inasmuch as the act of September 7th, 1891, requires the *remittitur* to be sent down promptly after judgment of affirmance in a criminal case, this court cannot, consistently with the decision in *Zorn* v. *Lamar*, 71 *Ga.* 85, reinstate such a case on motion made after the *remittitur* has been sent down, although the absence of counsel at the time the case was called and dismissed was occasioned by providential cause. Especially is this so where, by inspection of the certificate of the judge to the bill of exceptions, it appears that it does not conform to the certificate prescribed by the act of November, 1889, for bringing cases to this court, and for lack of such conformity the writ of error is subject to be dismissed on motion of counsel representing the State.    *Motion to reinstate denied.*

October 17, 1892.

VERNON B. ROBINSON, for movant.

B. D. EVANS, Jr., solicitor-general, by HINES, SHUBRICK & FELDER, *contra*.