## WILSON *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

1. It appearing from the petition in this case that the plaintiff received certain personal injuries while endeavoring to protect her property from fire which the defendant had caused through its negligence, and that the plaintiff was free from negligence and in the exercise of ordinary care, the petition stated a cause of action, and a general demurrer thereto should have been overruled.

2. The allegation in the sixth paragraph of the petition, relative to the plaintiff's "three small children," was properly stricken upon demurrer, as being irrelevant to the issues involved in the case.

3. The judgment of the court below is reversed upon the ground that it erred in sustaining the general demurrer; and the case being remanded for that reason, direction is given that the court allow such opportunity to the plaintiff as may seem reasonable, in the exercise of its discretion, to prepare and offer such amendment as can be offered to cure the defect pointed out by special demurrer to the eleventh paragraph of the petition.

Argued July 22, 1908.—Decided February 26, 1909.

Action for damages. Before Judge Lewis. Jasper superior court. September 25, 1907.

Georgia Ann Wilson filed suit against the Central of Georgia Railway Company, and alleged, that on the 20th day of March, 1902, the defendant carelessly and negligently set on fire the grass, weeds, and other combustible matter along its right of way, which

fire was communicated to weeds and grass surrounding the house in which she lived; that because of the rapid approach of the fire towards her house, and the peril in which it was placed, she, in order to prevent the catching on fire of her house, endeavored to extinguish the fire, and in so doing her clothing caught on fire and she was severely burned and has been confined to her bed continuously since. The sixth paragraph of the petition alleges, that "petitioner has been unable to perform any labor in support of herself and three small children, her lost time now amounting to one month, and that petitioner will be unable to perform any kind of labor for months to come, if, indeed, she ever shall be able to earn a living by manual labor; and this is pleaded as an element of her loss and damage." She alleges, that the damage was not the result of any carelessness or negligence on her part, but from the negligence and carelessness of the defendant and its employees, by the running of a locomotive so defectively equipped that sparks therefrom set fire to its right of way, as aforesaid; "and the operating of such defectively equipped locomotive is alleged as one of the acts of negligence causing said loss and damage to petitioner;" that the defendant company was guilty of gross negligence in permitting grass, weeds, and other combustible matter to accumulate along its right of way in such quantities as to communicate fire set out on its right of way to adjoining property. In the eleventh paragraph it is alleged, "that said . . railway company and its employees were guilty of gross negligence, in that, after said fire had been set in the manner hereinbefore set out, no effort was made by said company, or its employees, to extinguish the same or to prevent its spread to adjacent property, but on the contrary, so far as said company or its employees were concerned, said fire was allowed to take such course as it and the strong March wind, which was blowing at the time, might select, and travel as far as the two elements might find material to feed upon." She lays her damage at $5,000.

. The defendant demurred on the following grounds: (1) The petition does not set forth any cause of action against the defendant. (2) There is nothing in the allegations which entitles the plaintiff to recover damages against the defendant. (3) The injuries were not caused by the negligence of the defendant. (4) The plaintiff's own voluntary act was the proximate cause of the

injury, and not the negligence of the defendant. (5) Demurring specially to the sixth paragraph, defendant "says that the allegations in the same as to the plaintiff's three small children are irrelevant to the issue made by the petition, and the plaintiff is not entitled to recover any damages on account of the same, and the same are insufficient in law. (6) Demurring specially to the eleventh paragraph, defendant "says that the same is insufficient in law, nor do the facts therein stated show any neglect of any obligation legally imposed on this defendant, or the violation of any duty to the plaintiff," and that it "does not show that the defendant or its employees knew of the fire, or had any opportunity of knowing, nor does the same in any way charge any such facts as would show the violation of any duty by this defendant." The demurrer was sustained "on each of the grounds taken;" and error is assigned upon this ruling.

*A. S. Thurman* and *W. S. Florence,* for plaintiff.

*N. E. & W. A. Harris* and *Pope S. Hill,* for defendant.

BECK, J. (After stating the facts.)

1. The general principle applicable to cases like that which we have under consideration, and one which seems to be generally recognized, is, that when a defendant has violated a duty imposed upon him by statute or by the common law, he should be held liable to every person injured, whose injury is the natural and probable consequence of the tortious act; and that the liability extends to such injuries as might reasonably have been anticipated, under ordinary circumstances, as the natural and probable result of the wrongful act. Seale *v.* Railway Co., 65 Tex. 274 (57 Am. Rep. 602). The decisions of the various States, however, are not in harmony upon the question of what consequences are the natural and probable result of the wrongful act, or might have been anticipated as such. Upon this question the decisions are in conflict. Noticeable, also, is the conflict touching the question, similar in its nature, as to what character of intervening act will break the causal connection between the original act and the consequent injury. In the present case it is urged that between the alleged negligence of the defendant and the injury of the plaintiff there was an intervening act of a responsible agency, to wit, the voluntary endeavor on the part of the plaintiff to extinguish the fire. There are decisions in which it has been held that one

who, acting with prudence, voluntarily exposes himself to danger for the purpose of saving the life or protecting the person of another, where the life or person of such other person has been put in jeopardy through the negligence of the defendant, may recover for the consequent injuries he receives from the defendant, whose wrong caused the injury to the plaintiff and the danger to the person he sought to aid or protect. Liming *v.* Illinois Central R. Co., 81 Iowa, 246 (47 N. W. 66, 45 Am. & Eng. R. Cas. 581). In all of the cases belonging to the class just referred to there was necessarily the "intervening act of a responsible agency." Under the circumstances of the cases referred to, the intervening act itself must be regarded as the natural and probable result of the wrong of the person whose negligence and omission to fulfil the duty imposed upon him by law set in motion the cause or causes of the last act in the performance of which the injuries were received. It is not unreasonable to hold, when the sparks escaping from an improperly equipped engine of the defendant ignited combustible material which had been negligently permitted to accumulate on the right of way and in proximity to other combustible material on the property of the plaintiff adjacent thereto, that the company should have foreseen and contemplated, as a natural if not inevitable result of the fire thus caused, that the plaintiff, whose home was in immediate peril of destruction, would take such measures as would obviate or lessen the danger to the threatened property; and to hold further, if the measures adopted were such as would have been used, and were employed in the manner in which they would have been employed, by a person of ordinary prudence and forethought, and yet, in despite of ordinary and reasonable care in doing what was both natural and commendable, the plaintiff received injuries, that these injuries were the natural and probable consequences of the dangerous cause which had been originally put in motion by the negligence of the defendant. In the case of Liming *v.* Railway Company, supra, it was held that "One who, acting with reasonable prudence, voluntarily exposes himself to danger, for the purpose of saving the property of another in danger of destruction by fire negligently set out by a railroad company, may recover from the railroad company, for the consequent injuries he received." And in the course of the decision in the case last referred to it is said, "Defendant could

have foretold, with almost absolute certainty, when it set the fire in question, that plaintiff, being near, would use every reasonable means in attempting to save Ortman's horses from the flames; and there was nothing surprising or unusual in the attempt he made. Under the circumstances of the case, it was the natural and probable result of the wrong of defendant." And in the case of Harris v. Township of Clinton, 64 Mich. 447 (31 N. W. 425, 8 Am. St. R. 842), it was said that "It is not a universal rule that the defendant is excused from liability merely because the plaintiff, knowing of the danger caused by the defendant's negligence, voluntarily incurs that danger. If the defendant has so acted as to induce the plaintiff, acting with prudence, to incur the danger, . . the defendant is liable." See 3 Elliott on Railroads, §1247, and cases there cited. The case of Illinois Central Railroad Co. v. Siler, 229 Ill. 390 (82 N. E. 362, 15 L. R. A. (N. S.) 819), is one which upon its facts is very similar to the case at bar. In the Siler case it appears that a woman, having discovered fire among combustible materials on her premises adjoining the railroad company's right of way, in order to stop its progress, began raking the leaves between the fire and her house toward the fire, and, while so doing, her clothing caught on fire, and she was so badly burned that she died. Her administrator brought suit, alleging that the fire was caused by the negligence of the defendant company, to recover damages. The plaintiff recovered a judgment which was affirmed by the Appellate Court, and was again affirmed on an appeal to the Supreme Court. The latter court said, in the course of its decision: "It is true that in this case the voluntary act of the decedent intervened between the negligent act of the appellant in setting out the fire and the injury occasioned by the burning of decedent. But this act was one of the intervening causes which the appellant with reasonable diligence might have foreseen. It was a consequence of the wrongful act of appellant which it ought to have anticipated. It was not a new and independent cause intervening between the wrong and the injury, or disconnected from the primary cause, and self-operating, but was itself the natural result of appellant's original negligence. . . The cases which sustain the position of the appellant we think are wrong in principle and opposed to the weight of authority. One whose property is exposed to danger by another's

negligence is bound to make such effort as an ordinarily prudent person would to save it or to prevent damages to it. If in so doing, and while exercising such care for his safety as is reasonable and prudent under the circumstances, he is injured as a result of the negligence against the effect of which he is seeking to protect his property, the wrong-doer whose negligence is the occasion of the injury must respond for the damages." See, in this connection, Civil Code, §3802, and cit.; also, the notes in 15 L. R. A. and 11 Am. & Eng. Ann. Cases, 368, to the case last referred to. In these notes, in addition to the authorities cited and quoted in the principal case, are to be found other decisions, laying down, in effect, the same doctrine as that stated in the principal case by the Illinois court. It is also to be observed that in this decision we are dealing with the right of one to recover for injuries received while endeavoring to protect her own property, and not the property of another, as in the case of Liming v. Illinois C. R. Co., supra. And we do not deal with the question of what would have been the plaintiff's rights had her injuries been received while endeavoring to protect the property of another against destruction by fire which had been negligently set out by the company.

2. The allegation in the sixth paragraph of the petition, relative to the plaintiff's "three small children," was properly stricken upon demurrer, as being irrelevant to the issues involved.

3. The special demurrer to paragraph eleven of the petition pointed out defects which should have been remedied by amendment; and if no sufficient amendment was tendered, this paragraph should have been stricken. But while this is true, the paragraph was not of such vital importance to the case as to render the striking of the same destructive of the plaintiff's cause of action; and we do not think that the case should have been dismissed, at least until opportunity to amend this particular paragraph was given. The judge having sustained the demurrer upon the general ground, as well as the special demurrer to paragraph eleven, we are of the opinion, upon consideration of the entire case, that the judgment of the court should be reversed on the ground that the court erred in sustaining the general demurrer. The case being remanded for this reason, direction is given that the judge below allow counsel for plaintiff in error such time as may seem reasonable to him, in the exercise of his discretion, to amend so as

to meet the objection raised by the special demurrer last referred to. If no amendment is made, or, if made, it fails to cure the defects, it can then be properly dealt with. *Buchan* v. *Williamson,* 131 *Ga.* 501 (62 S. E. 815).

Judgment reversed, with direction. All the Justices concur.