17295.   LITTLE *v.* ROME RAILWAY & LIGHT CO.

By the exercise of ordinary care the deceased could have avoided the consequence to himself caused by the defendant's negligence, and a nonsuit was properly ordered.

DECIDED JUNE 15, 1926.

Action for damages; from city court of Floyd county—Judge Bale.   March 2, 1926.

*Harris & Harris,* for plaintiff.

*L. A. Dean, Lamar Camp,* for defendant.

BLOODWORTH, J.   Eva Joe Little, by next friend, sued the Rome Railway & Light Company for damages on account of the death of her father, alleged to have been caused by the negligence of the defendant.   The negligence alleged was that a pole which was rotten and on which were strung wires charged with 2300 volts of electricity was allowed to remain in a public street.   Paragraph 6 of the petition alleged, that "the pole of defendant at the spot marked 'A' had fallen during the night, carrying with it the heavily-charged wires that were attached to it, and fell across the road at the point marked 'X.'   As said Smiley Little was on his way home he ran into said heavily-charged wires and was instantly killed, and his body was found the next morning at the place marked with an 'X.' "   It was further alleged that the pole broke off even with the ground, that it was absolutely rotten, that "had said pole been of sound wood it would not have broken off and would not have carried the heavily-charged wires to the ground, and the said Smiley Little would not have been killed," and that "it was gross negligence on the part of the defendant to allow said pole to remain with said heavily-charged wires attached thereto, but should have removed same and placed a good and sound pole in its place."   On the trial the evidence showed that "the post falling down caused the wires to come nearer the ground. . . They looked to be a little lower than a man's head."   It was shown also that the face of the deceased "was burned right across his cheek like the wire had hit it."   At the time of the accident it was raining and dark; so dark, as one witness testified, that "you could not see at all."   Another witness testified:   "I told Smiley (the deceased) those wires were alive. . . I told him that the wire was lower on the right

than it was on the left going up the hill, and that he could go on the left-hand side without touching the wire, and the one he went on was the lower side. . . I mean by the lower side the low wire side. . . I told him to go under that high side. . . I told him he might be able to go under that side without stooping, because he was a tall man." Thus it appears that Smiley Little knew that the pole was down and carried with it a live wire; that he was warned of the danger, and yet in the rain and darkness he voluntarily and deliberately walked into this place of known and obvious danger, his face came in contact with the wire, and he was killed.

By the exercise of ordinary care the deceased could have avoided the consequence to himself caused by the defendant's negligence, and a nonsuit was properly ordered. Civil Code (1910), § 4426; *Briscoe* v. *Southern Ry. Co.,* 103 *Ga.* 244 (2) (28 S. E. 638); *Moore* v. *Southern Ry. Co.,* 136 *Ga.* 876 (72 S. E. 403); *Lowe* v. *Payne,* 156 *Ga.* 314 (118 S. E. 924).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*