## 19308. PENISTON *v.* NEWNAN HOSPITAL.

DECIDED SEPTEMBER 20, 1929.

*Post & Arnold,* for plaintiff.
*A. H. Freeman, McDaniel & Neely,* for defendant.

LUKE, J. Dr. Paul Peniston brought suit against the Newnan Hospital, alleging in part and in substance that he had an X-ray machine on the second floor of the hospital; that "the X-ray machine itself was the property of plaintiff and was operated chiefly by plaintiff;" and he "secured pay for such services only from the patient treated;" that the hospital had in it an elevator of a specified description; that the defendant employs no operator for said elevator; that on the afternoon of July 31, 1927, about 3. p. m., Dr. T. S. Bailey requested plaintiff to come to the hospital to operate the X-ray machine and photograph with said machine a

diseased bone in a patient's leg; that plaintiff went to the second floor of the hospital to get the elevator and bring it down to the first floor in order to get the patient, who was a boy in the arms of his father; that when reaching the first floor plaintiff got out of the elevator on the west side; that he "then met Dr. Bailey and Dr. Williams and was introduced to the boy's father, and went to the east door of the elevator for the purpose of carrying the patient up to the second floor, and entered the east door of the shaft where he had just placed the elevator;" that when he entered the shaft the elevator was gone, and, "as a result, plaintiff stepped into the open shaft, falling a distance of twenty feet to the bottom of the shaft, resulting in injuries" specifically set out in the petition. By amendment to paragraph 13 of the petition the plaintiff alleges, "that after he had stopped said elevator at the first floor and had gotten out of the elevator car, the car did not remain where placed, but returned of itself to the second floor;" but in paragraph 13-A he alleges, "that after said elevator had been placed by plaintiff at the first floor, some employee or servant of defendant company, unknown to plaintiff, entered the elevator car and moved same to the second floor." By still further amendment paragraph 13-B was added, which alleged that an employee of the defendant company, Miss Elizabeth May Coleman, was on duty and was stationed about ten feet east of the elevator door, and that her failure to warn plaintiff, and plaintiff having heard no movement of the elevator, and seeing no indication that the elevator cage was not in place, the door to the shaft not being latched, plaintiff was deceived, in the insufficient light, by the deceptive appearance of the shaft, and believing said elevator to be in place, he stepped into said door, resulting in the injuries described. Plaintiff alleged that the defendant was negligent in not having the elevator doors equipped with catches and fasteners, in not having said doors equipped with a mechanical device which would automatically prevent operation of said elevator when doors were open, in not having a device which would indicate the location of the elevator, in not having an operator or guard, in permitting any one to use the elevator, in not having some signal device to indicate when said elevator was moved, in maintaining insufficient light, "in having on said elevator such doors as described and having the elevator shaft so painted as to give the deceptive appearance, through the glasses in

the doors, that the elevator was in place, when in fact it was not in place," and "in not having said elevator equipped with sufficient mechanical devices to prevent movement of the elevator car after it had been placed on the first floor."

To the petition as amended the defendant demurred generally and specially, and the judge sustained the general demurrer and dismissed the case. The plaintiff excepts to and assigns error on that judgment.

Under our view of the case it is not necessary to decide whether the relation of the plaintiff to the defendant was that of a licensee, though it does appear from the petition that the plaintiff was using the defendant's hospital to keep and operate his X-ray machine, and was securing pay for such services from the patient treated, and there is no allegation that the plaintiff was paying anything for the use of the room or hospital facilities, no allegation that the patient was a patient of the hospital, and no allegation that the defendant was guilty of wanton and wilful negligence. Neither is it necessary to pass upon the inconsistent pleadings in paragraph 13, wherein it is alleged that the car "returned of itself to the second floor," and those in paragraph 13 A, wherein it is alleged that "some employee or servant of defendant company, unknown to plaintiff, entered the elevator car and moved same to the second floor."

Conceding, but not deciding, that the elevator was improperly equipped, and construing the petition most strongly against the pleader, we are forced to the conclusion that the plaintiff was familiar with the surroundings, having maintained and operated his machine in the building, and being familiar with the elevator, so much so that he went up on the second floor and brought it down to the first floor, and that he knew there was a door on the opposite side of the elevator, he having just come out of that door; that he knew any one could enter that door on the opposite side and move the elevator; that he became engaged in conversation with Dr. Bailey, Dr. Williams, and the patient's father, and neglected to notice the elevator; that he stepped into the open shaft at three o'clock in the day; and that by the exercise of ordinary care he could have avoided the injuries to himself. The court properly sustained the general demurrer and dismissed the petition. See Civil Code, § 4426; *Avery* v. *Anderson,* 31 *Ga. App.* 402 (120 S. E. 638); *Little* v. *Rome Ry. & Light Co.,* 35 *Ga. App.* 482 (133 S. E.

643); *Briscoe* v. *Southern Ry. Co.,* 103 *Ga.* 224 (28 S. E. 638); *Moore* v. *Southern Ry. Co.,* 136 *Ga.* 876 (72 S. E. 403); *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924).

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*