CATHERINE BURNETT, administratrix, *vs.* LUCY B. CONNER.

Suffolk.    January 4, 1938. — March 2, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Negligence,* Motor vehicle, Contributory, Assumption of risk.

A finding that the backing of an automobile down a steep driveway was due to negligence of the owner was warranted by evidence that he had left it at the top of the driveway, only applying the emergency

brake, which he knew or ought to have known was defective, and not making an adjustment of gears which he knew would prevent its moving.

That a person was killed while trying to stop an automobile from rolling by its own weight down a steep driveway toward a public street did not require a finding that he was guilty of contributory negligence or that he had assumed the risk of injury.

TORT. Writ in the Superior Court dated February 19, 1932.

At the trial before *Sisk*, J., there was a verdict for the plaintiff in the sum of $6,250 on a count for causing death. The defendant alleged exceptions.

*A. S. Allen*, for the defendant.

*M. Michelson*, (*J. Finnegan & M. E. Dolan* with him,) for the plaintiff.

DOLAN, J. This is an action of tort to recover for the conscious suffering and death of the plaintiff's intestate, hereinafter referred to as the deceased. The defendant filed an answer containing a general denial and alleging contributory negligence and assumption of risk on the part of the deceased. The case was tried to a jury, and at the close of the evidence the defendant moved for a directed verdict in her favor. The motion was denied and the defendant excepted. The jury returned a verdict for the defendant on the count for conscious suffering and a verdict for the plaintiff on the count for death. The latter verdict was recorded with leave reserved, and the subsequent motion of the defendant that a verdict be entered in her favor was denied.

The accident which caused the death of the deceased occurred upon and adjoining the premises at 25 Gardner Road in the town of Brookline on November 25, 1931. The defendant lived at that address as housekeeper in the home of one Gale, her brother-in-law. The deceased had been employed by Gale as choreman since 1919 at a wage of $25 a month. His duties were to take care of the grounds and "the fire." It is agreed that he was not an employee of the defendant, but he did occasional "small jobs" for her, including washing her automobile, for which she paid him. The house occupied by Gale and the garage appur-

tenant thereto are set back from the street and are at a much higher elevation. The driveway to the garage made an S curve and was steep. There was a retaining wall four or five feet high which ran along the lawn at the inside edge of the sidewalk.

On the day of the accident the defendant drove her automobile up the driveway and parked it there with its front toward the garage and its rear toward the road. When she stepped out of it she "jiggled the car" to see if the emergency brake would hold. It was her practice to "jiggle" the vehicle after she got out to see if the emergency brake was holding. She asked the deceased if he would wash the vehicle for her. He consented and proceeded to do so. There was evidence that he had finished that work within three quarters of an hour. He knew nothing about the mechanics of motor vehicles, and was "scared to death of a car." A Mrs. Reed and her nephew, one Conrad, were driving by the premises in an automobile and observed the defendant's vehicle backing slowly down the driveway. The deceased came from in front of the automobile and took hold of its left hand mudguard, and braced himself in an attempt to stop its progress. It continued on, gathering speed, and he opened the left hand door and reached inside. The vehicle continued on over a flower bed at an increasing speed. He ran along beside it on the lawn with his left hand on the open door, but finally it "took him right off his feet"; he rolled down over the retaining wall into the road, and the vehicle "came down on top of him." When the automobile "landed" on Gardner Road it was about two car lengths to the rear of that in which Mrs. Reed and Conrad were riding. It "just missed" them. The deceased was taken to a hospital where he died the same day. The death certificate states as the cause of death "crushing injuries of head caused by a motor vehicle (unoperated) moving under gravity down hill . . . accident Brookline."

After the accident and before the police came the defendant drove the vehicle up into the driveway and parked it there, setting the emergency brake. The defendant had

owned the vehicle for a year and it had been driven fourteen or fifteen thousand miles. When the police arrived at the scene of the accident, shortly after its occurrence, they examined the automobile, as did also a chauffeur of long experience and some knowledge of the mechanics of automobiles and their "brakes, ratchets and dogs." The ratchet of the emergency brake was worn, "the emergency wouldn't stay in . . . it wouldn't hold the groove . . . that means wear." It was "useless."

The defendant contends that there was no evidence that the defendant was negligent, that the cause of the accident is conjectural, and that the deceased was guilty of contributory negligence and assumed the risk of the injuries which resulted in his death.

In the case at bar the jury could have found that the defendant knew or ought to have known that the emergency brake was defective, and that she knew how to secure the automobile from starting if the emergency brake became released.* In *Kirsch* v. *J. G. Riga & Sons, Inc.* 264 Mass. 233, where there was evidence that the emergency brake was "pretty unreliable" and the parked motor vehicle rolled down a grade injuring the plaintiff, a motion for a directed verdict for the defendant was held to have been properly denied. See also *Dorne* v. *Adams*, 243 Mass. 438, 440; *Adams* v. *Dunton*, 284 Mass. 63; G. L. (Ter. Ed.) c. 90, § 7. The judge could not have properly directed a verdict for the defendant in the present case on the ground that there was not sufficient evidence to warrant submitting the question whether she was negligent to the jury.

We think that it cannot be said as matter of law that the deceased was guilty of contributory negligence or assumed the risk in the strict legal sense in attempting to stop the progress of the defendant's vehicle. *McGuire* v. *Almy*, 297 Mass. 323, and cases cited. There is no evidence that any cause other than the failure of the defendant to secure the automobile when she had parked it before the

---

* The defendant testified "that she knew that on a sharp grade if she put the car into first speed, together with the emergency brake on, she would have another emergency brake, to have the car stay there." — REPORTER.

accident contributed to its motion when it started down the driveway. The vehicle was rolling down a steep grade to a travelled way. The situation was one which might result in danger to the lives of passers-by on the highway, as is evidenced by the fact that when the defendant's automobile "landed" in the highway it just missed the motor vehicle in which Mrs. Reed and Conrad were driving by. See *Glaser* v. *Schroeder*, 269 Mass. 337, 340. The deceased could be found to have acted instinctively in recognition of the possibility that persons passing by on foot or in vehicles would be put in peril of their lives if the defendant's automobile continued on its course. "Mere knowledge that some danger exists is not conclusive of the negligence of one who fails to avoid it. . . . One is not negligent unless he takes greater risks than a man of ordinary prudence would take in a like situation." *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 50, and cases cited. It was for the jury to say whether in all the circumstances the action of the deceased "was so rash and reckless as to preclude a finding that he was in the exercise of due care and was justified" in his course of conduct. *Dixon* v. *New York, New Haven & Hartford Railroad*, 207 Mass. 126, 130, and cases cited. *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 49, 50. The defendant's motion for a directed verdict was properly denied.

The remaining exceptions of the defendant, not having been argued, are treated as waived.

*Exceptions overruled.*