32485. RUSHTON *v.* HOWLE.

Decided June 1, 1949.

*Matthews, Long & Moore,* for plaintiff in error:

*Camp & Boyd,* contra.

FELTON, J. The plaintiff in error, defendant below, contends that the rescue doctrine does not apply in Georgia unless the effort on the part of the injured person attempting the rescue has for its purpose the rescue of human life or the rescuer's own property. While we find no ruling in Georgia on the particular question, we can see little difference in principle between rescuing life or one's own property and in attempting to rescue someone else's property. It is stated by the editor in 166 A. L. R. 756: "It seems that, with reference to the problem of proximate causation, the chief difference between injuries sustained in an effort to rescue or aid persons involved in an automobile accident and those sustained in an effort to save property or limit damages, where the person whose negligence caused the accident is sought to be charged, is that the circumstances in the former case are likely to justify a greater risk and more desperate effort than in the latter." The only question in either case is, does the stimulus of the negligence under the circumstances call for the effort to rescue as a normal reaction to the situation, which cannot be said to be rash and reckless as a matter of law? "If the actor's negligent conduct threatens harm to another's person, land or chattels, the normal efforts of the other or a third person to avert the threatened harm is not a superseding cause of harm resulting from such efforts." 2 Restatement of the Law of Torts, 1193, § 445. For a statement of the principles governing

362

the rescue attempt in such cases, see *Blanchard* v. *Reliable Transfer Co.*, 71 *Ga. App.* 843 (32 S. E. 2d, 420). The plaintiff was rightfully upon the premises. The fact that the defendant through her agent endangered her own property does not alter the principle involved. The stimulus had the same effect regardless of whose property was involved. We think that the lower court was correct in overruling the general demurrer, and holding, as stated in its opinion: ". . the court cannot say as a matter of law that the plaintiff was guilty of such rash and imprudent conduct that would bar him from a recovery. Whether or not reasonable and prudent men would act in the same way, under such circumstances, is a question for the jury to determine." For cases where the rescue principle has been applied where the effort was to rescue the property of another, see Burnett v. Conner, 299 Mass. 604 (13 N. E. 2d, 417); cases cited in *Wilson* v. *Central of Georgia Ry. Co.*, 132 *Ga.* 215 (63 S. E. 1121); and annotation in 4 American & English Ann. Cases 216.

The court did not err in overruling the general demurrer.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*