35606, 35627.   GEORGE A. FULLER CONSTRUCTION CO.
v. ELLIOTT *et al.;* and *vice versa.*
35611, 35628.   CENTRAL OF GEORGIA RAILWAY CO. *v.*
ELLIOTT *et al.;* and *vice versa.*
35624, 35629.   SOUTHERN RAILWAY CO. *v.* ELLIOTT *et al.;*
and *vice versa.*

DECIDED JUNE 2, 1955—REHEARING DENIED JULY 14, 1955.

314

*Maddox & Maddox, James Maddox,* for Mrs. Ben H. Elliott.

*Bryan, Carter, Ansley & Smith, Tom Willingham, W. Colquitt Carter,* for George A. Fuller Construction Company.

*Matthews, Maddox, Walton & Smith, John W. Maddox,* for Central of Georgia Railway Company.

*Wright, Rogers, Magruder & Hoyt, Wade C. Hoyt, Jr.,* for Southern Railway Company.

NICHOLS, J. ■ The allegations of the petition as amended, to the effect that there was no flagman at the crossing, were not

subject to the special demurrers of the defendants Central of Georgia Railway Company and Southern Railway Company in cases Nos. 35611 and 35624, on the ground that the allegations were immaterial and irrelevant, for the reason that whether a flagman was at the crossing had no causal connection with the death of the plaintiff's husband, since it appears from the petition that a flagman, if present at the crossing, could have done no more than the plaintiff's husband did.

The petition as amended contained allegations to the effect that the defendant Southern Railway Company was guilty of negligence: (1) In constructing the spur track across the main line of Central of Georgia Railway Company in such a manner that the low point of the grade was such that, if two or more freight cars were improperly braked and became loose, when placed either to the north or south of the intersection, they would come to rest across the main line of Central of Georgia Railway Company. (2) In maintaining and operating its trains and freight cars on the spur track without a derailer, or other automatic device, to prevent cars standing and placed on the spur track, in the event they became loose, from crossing or coming to rest at the intersection of the spur track with the main line of Central of Georgia Railway Company. (3) In not anticipating that freight cars so placed upon the spur line might become loose and roll down and upon the intersection of the spur track with the main line of Central of Georgia Railway Company. (4) In failing to anticipate that an engineer operating a train in a westerly direction upon the main line of Central of Georgia Railway Company could not see a train or cars upon the spur track of Southern Railway Company until within approximately 100 feet of the intersection, and in not taking proper steps to prevent any such cars from rolling upon and being across the intersection. The above allegations of the petition as amended were not subject to the special demurrer of Southern Railway Company in case No. 35624, on the ground that they failed to set forth any violation of any law by this defendant or the violation of any duty imposed upon it or owed by it to the plaintiff's husband.

Other objections in grounds of special demurrer of Southern Railway Company and Central of Georgia Railway Company were met by amendment.

■ In *Louisville & Nashville R. Co.* v. *Cline,* 136 *Ga.* 863 (72 S. E. 405), the petition of a father to recover damages for the killing of his twelve-year-old child by a locomotive and train while she was attempting to rescue a six-year-old companion, who had fallen upon the track, was held to set forth a cause of action as against a general demurrer. It was said in the opinion: "If Lillie May Cline, moved by an impulse which was perfectly natural, sprang upon the track in an attempt to save a child younger than herself, who was prone and helpless in front of an approaching locomotive, and was struck and killed by the locomotive while thus endeavoring to rescue her companion, the question as to whether or not the negligence of the employees of the company, if the jury should find that they were negligent under the attendant facts and circumstances, was the proximate cause of the death of the little girl, would be for decision by the jury."

In *Blanchard* v. *Reliable Transfer Co.,* 71 *Ga. App.* 843 (32 S. E. 2d 420), this court said: "In cases where one's negligence causes injury or danger to another the negligence which causes the injury or danger is negligence as to the rescuer, and efforts to rescue will not be considered negligent if they are not rash or wanton. Whether the rescuer acts rashly or wantonly, except in plain and indisputable cases, is a question for the jury. 'Danger invites rescue. The cry of distress is the summons to relief. The law does not ignore these reactions of the mind in tracing conduct to its consequences. It recognizes them as normal. It places their effects within the range of the natural and probable. The wrong that imperils life is a wrong to the imperiled victim; it is a wrong also to his rescuer. . . The risk of rescue, if only it be not wanton, is born of the occasion. The emergency begets the man. The wrongdoer may not have foreseen the coming of a deliverer. He is accountable as if he had. . . The law does not discriminate between the rescuer oblivious of peril and the one who counts the cost. It is enough that the act, whether impulsive or deliberate, is the child of the occasion.' Wagner *v.* International Ry. Co., 232 N. Y. 176 (133 N. E. 437, 19 A. L. R. 1, and annotations)."

The petition as amended set forth a cause of action against the defendants Southern Railway Company and Central of Georgia

Railway Company in cases Nos. 35611 and 35624, for damages for the killing of the plaintiff's husband, which was alleged to have resulted from his attempt to rescue persons and save property by preventing a collision of Southern Railway Company's runaway freight cars with the train of Central of Georgia Railway Company, which collision was alleged to have resulted from the joint negligence of the defendant railroads. See also *Rushton* v. *Howle,* 79 *Ga. App.* 360 (53 S. E. 2d 768).

■ While it was alleged in the petition as amended that the defendant George A. Fuller Construction Company was negligent in not braking or adequately scotching the freight cars so that, if they became loose, they would not roll down the grade across and upon the intersection, still, the duty to properly affix the brakes or scotch the wheels to prevent the cars from getting loose was upon Southern Railway Company, and the petition as amended does not show that any duty devolved upon George A. Fuller Construction Company in this respect. It follows that the trial court in case No. 35606 erred in overruling the general demurrers of George A. Fuller Construction Company. *Peggy Ann of Georgia, Inc.* v. *Scoggins,* 86 *Ga. App.* 109 (71 S. E. 2d 89).

■ The averments in the answer of George A. Fuller Construction Company to the effect that the death of the plaintiff's husband was caused solely by his own negligence, were not subject to special demurrer in case No. 35627, on the ground that the averments were conclusions of the pleader.

The answer of Central of Georgia Railway Company contained averments to the effect: (1) That its engineer applied the emergency brakes as soon as its crew members could see the runaway cars approaching the crossing and the plaintiff's husband signaling. (2) The plaintiff's husband acted rashly and wantonly, and his attempt to prevent the collision was not made necessary by any negligence on the part of the defendant. (3) He was doing acts which he voluntarily undertook without sufficient legal reason or excuse. (4) He voluntarily and knowingly assumed the risk. (5) His death was solely and proximately caused by his own failure to exercise ordinary care for his own safety. (6) His negligence was equal to or greater than any alleged negligence on the part of this defendant. The foregoing averments in the answer of Central of Georgia Railway Company in case No. 35628,

were not subject to special demurrer as being too indefinite, vague, and uncertain, or upon the ground that the averments were mere conclusions of the pleader.

The averments in the answer of Southern Railway Company to the effect that the injuries of the plaintiff's husband were solely and proximately caused either by his own failure to exercise ordinary care for his own safety or by the negligent acts of the other two named defendants, were not subject to special demurrer, in case No. 35629, on the ground that the averments were mere conclusions of the pleader.

The answers of the three defendants, properly construed, were addressed to the petition as amended, and merely went in denial of any liability on the part of the respective defendants and contended in effect that the death of the plaintiff's husband was brought about by his failure to use ordinary care for his own safety. Accordingly, the trial court did not err in overruling the plaintiff's demurrers to the respective answers of the defendants setting up such defenses, as were complained of in the three cross-bills of exceptions.

*Judgment reversed in main bill of exceptions in case No. 35606. Judgments affirmed in main bills of exceptions in cases Nos. 35611 and 35624. Judgments affirmed in cross-bills of exceptions in cases Nos. 35627, 35628, and 35629. Gardner, P. J., Townsend, Carlisle, and Quillian, JJ., concur. Felton, C. J., dissents in part.*

FELTON, C. J., dissenting in part. I concur in the judgment in case No. 35606, and in the judgments on the main and cross-bills in cases Nos. 35611 and 35628. I dissent from the judgment on the main bill in case No. 35624. Assuming for the sake of argument only that the petition alleges acts of negligence against the defendants George A. Fuller Construction Company and Southern Railway Company, such acts of negligence are too remote to be found to have been a proximate cause of the injuries complained of. The alleged negligence of Central of Georgia Railway Company was the sole proximate cause of the injuries. This conclusion is based on the well-known and much-cited principle of law that, under such facts as are alleged in this case, Fuller Construction Company and Southern Railway Company cannot be held liable because their alleged negligence was not the sole occasion of the injury, because it did not put in operation

other causal forces such as were the direct, natural, and probable consequences of the original act, and because the negligence of Central of Georgia Railway Company could not have been reasonably anticipated or foreseen by Fuller Construction Company or Southern Railway Company. *Peggy Ann of Georgia* v. *Scoggins,* 86 *Ga. App.* 109 (71 S. E. 2d 89), and citations. I think it is conclusively shown by the allegations of the petition that, if the engineer of the Central of Georgia train had complied with the requirements of Code § 94-510 and had come to a full stop within 50 feet of the intersection of the spur line of Southern Railway Company with the main line of Central of Georgia, whatever negligence of which the other two defendants had been guilty could have been discovered and avoided. I do not believe that the other two defendants were chargeable with anticipating the violation of the Code section by Central of Georgia Railway Company. I think the Code section was intended to protect all who were legally and rightfully in the orbit of danger from a collision of two trains at a railroad intersection such as we have in this case, and under the circumstances I think the deceased had a right to be where he was and that the plaintiff is not barred because the deceased failed to anticipate the negligence of Central of Georgia Railway Company and to remove himself from what turned out to be a place of gravest danger.