### 38211. BRYANT *v.* PITTMAN *et al.*

DECIDED JUNE 14, 1960.

*Colquitt H. Odom, Ray Y. Cross,* for plaintiff in error.

*Phillip Sheffield, Farkas, Landau & Davis, Edmund Landau, Jr.,* contra.

FELTON, Chief Judge. The petition shows that the defendants were guilty of negligence per se in violating Code (Ann.) § 68-1633 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 581), by driving in the left lane of the highway; that they violated Code (Ann.) § 68-1647 (same act, p. 587) in turning their vehicle from a di-

rect course and moving to the right before the movement could be made with reasonable safety; that they violated the part of the act next above referred to in not giving a signal. The petition shows also that the plaintiff was guilty of negligence per se in violating Code (Ann.) § 68-1635 (Ga. L. 1953, Nov.-Dec. Sess., pp. 556, 582), in attempting to pass the school bus on the right, since the passing alleged does not fall within the exceptions in the act, Code (Ann.) § 68-1636. The general rule is that where one voluntarily and knowingly takes a risk involving imminent danger he is precluded from recovery by reason of another's negligence. However, under the allegations of the petition in this case, and despite the fact that both the plaintiff and the defendants were guilty of negligence per se and were charged with knowledge that the other might otherwise be guilty of negligence per se, justice requires the submission of the case to a jury for the determination of which party was the more negligent, if one was more negligent than the other, and whether the plaintiff is barred by his own negligence in taking the risk he took in this case. In this case the driving of the school bus in the left-hand lane under the circumstances related in the petition might reasonably become an important factor in the jury's determination of the measure of the plaintiff's negligence. The mere fact that a plaintiff is guilty of a failure to exercise ordinary care does not necessarily bar his recovery. *Willis v. Jones,* 89 Ga. App. 824 (81 S. E. 2d 517). The question of proximate cause is not an issue since the negligence of both parties combined as contributing proximate causes to produce the collision.

The court erred in sustaining the defendant's general demurrers.

*Judgment reversed. Nichols and Bell, JJ., concur.*