### 38649. USRY v. SMALL, Administratrix.
### 38650. USRY v. SMALL.

CARLISLE, Judge. 1. The plaintiff in these cases, suing in one in her representative capacity as administratrix of the estate of her deceased husband to recover funeral expenses, alleges simply that her husband, Mr. Small, was riding as a passenger in his automobile driven by another and proceeding in one direction along a divided highway; that the defendant was driving his automobile in the opposite direction along said highway when he lost control of the same and drove it across the median of the highway and through a

cyclone fence causing it to be wrecked in a ditch; that in so crossing the highway it passed 10 feet behind Mr. Small's automobile, and that some object, either from the defendant's automobile or from the fence erected in the median, struck Mr. Small's car causing him to be frightened and greatly excited thereby; that his car was stopped and he engaged in strenuous efforts to rescue the defendant who was trapped in his automobile, flagged down another car to summon aid and some 45 minutes after the accident and while he was standing and talking to a deputy sheriff about the accident, Mr. Small dropped dead from a heart attack. The defendant was alleged to have been guilty of negligence in operating his automobile under the influence of intoxicating liquor; in operating it over and across the median and through a cyclone fence which constituted a barrier between the two halves of the divided roadway; in failing to keep his automobile under control and in operating it in disregard for the rights and safety of others. Count 1 of each petition seeks to recover on the theory of injury and death resulting from an effort to rescue the defendant from the results of his negligence, and as against a general demurrer it stated a cause of action. *Blanchard v. Reliable Transfer Co.,* 71 Ga. App. 843 (1) (32 S. E. 2d 420); *Rushton v. Howle,* 79 Ga. App. 360 (53 S. E. 2d 768); *George A. Fuller Const. Co. v. Elliott,* 92 Ga. App. 309, 316 (2) (88 S. E. 2d 413). When the defendant operated his automobile in the manner alleged he was bound to anticipate that, if he wrecked his car, others would attempt to rescue him from it. It cannot be said as a matter of law that, because some 45 minutes intervened between the occurrence and the death of the plaintiff's husband, such death was not the proximate result of the defendant's negligence or not the proximate result of the rescue efforts brought about by the defendant's negligence. Whether or not the heart attack suffered by the plaintiff's husband was proximately caused by the defendant's negligence under the theory of rescue is a question of fact for the jury to decide.

2. Count 2 of the petition in each case seeks to recover for the death of the plaintiff's husband resulting from fright and shock. It is alleged that Mr. Small was lying down on the rear seat of his automobile with his head near the left rear

door, and that the object crashed against the door only a few inches from his head causing such fright and shock as to produce a heart attack which was the immediate cause of his death. While one cannot recover merely for fright alone if the fright is unattended by any physical injury and is not of such a character as of itself to produce physical or mental impairment (*Williamson v. Central of Ga. Ry. Co.,* 127 Ga. 125, 126 (4a), 56 S. E. 119), nevertheless, where, under the allegations of the petition it appears that the physical injuries suffered, in this case, death, were the natural and proximate result of such fright or shock, and where the facts otherwise alleged are sufficient to show that the defendant could or should have known that his acts would result in injury to someone, though he need not have anticipated the exact consequences which ensued, and the allegations show negligence proximately causing such fright (*Hines v. Evans,* 25 Ga. App. 829 (1) 105 S. E. 59; *Delta Finance Co. v. Ganakas,* 93 Ga. App. 297 (1), 91 S. E. 2d 383), then recovery for the injury resulting from fright alone may be had. The trial court did not err in overruling the general demurrer to count 2 of the petition in each case.

3. The plaintiff in error does not argue or insist upon any of his grounds of special demurrer and the same are treated as abandoned in this court.

*Judgments affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED FEBRUARY 10, 1961.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper,* for plaintiff in error.

*Cumming, Nixon, Eve, Waller & Capers, Henry P. Eve,* contra.

