40650. SLAPPY v. GEORGIA POWER COMPANY.

DECIDED JUNE 1, 1964—REHEARING DENIED JUNE 19, 1964.

*Jesse G. Bowls, Perry, Walters & Langstaff, H. H. Perry, Jr.,* for plaintiff in error.

*Frank Twitty, Willis Duvall, Burt & Burt,* contra.

*Robert D. Tisinger,* amicus curiae.

BELL, Presiding Judge. Counsel for the defendant in error in their briefs do not insist that the petition fails to allege an issue of negligence. Rather, the thrust of their argument is that the petition affirmatively shows that the plaintiff is not entitled to recover because the death of her minor son was caused solely by the deceased's failure to exercise ordinary care for his own safety in voluntarily encountering a known and obvious danger, or by the decedent's failure to exercise ordinary care to avoid the consequences of the defendant's alleged negligence.

The issue we are called upon to decide as a matter of law is whether the decedent's conduct as alleged in the petition con-

formed to the legally prescribed standard of ordinary care, i. e., the conduct of a reasonable man under like circumstances. *Central R. & Bkg. Co. v. Ryles,* 84 Ga. 420 (1), 430 (11 SE 499). American Law Institute, Restatement, Torts, § 283 (Supp. 1948).

The petition asserts that the decedent recognized that the sagging wire created a danger to travelers on the highway. This knowledge, however, does not serve necessarily to make decedent's conduct negligent. It is one thing to say that he knew of the danger to travelers in automobiles and something quite different to say that he knew of the danger and assumed the risk incident to his leaving his automobile and walking on the highway to the place where he was killed. The decedent's knowledge of danger to others was alleged. Knowledge of danger to himself was not. It would be most erroneous to impute knowledge of danger to himself from the allegation of his knowledge of danger to others. The affirmative allegation of knowledge is only a factor to be considered by the jury in determining whether the decedent was negligent and assumed the risk. *Underwood v. Atlanta &c. R. Co.,* 105 Ga. App. 340, 358 (7) (124 SE2d 758).

In the light of the recognizable and foreseeable risk, the conduct of the decedent, to have been negligent, must have been unreasonable. Prosser, Torts (2d Ed. 1955) p. 119 et seq., §§ 30, 51; Restatement, Torts, §§ 284, 291, 466. Undoubtedly, this is the criterion of negligence by one toward others and of failure to exercise ordinary care for one's own safety. This raises the queries: Under all the allegations of the petition here, did the decedent with knowledge that the electric wire was dangerous to highway travelers, expose himself to a recognizable-foreseeable unreasonable risk of harm; would a reasonably prudent man in the same circumstances necessarily have foreseen harm to himself if he walked to the place on the highway where the plaintiff went; if a reasonably prudent man should have foreseen harm to himself if he walked to that place, was this an unreasonable risk to take under all the circumstances alleged? *As a matter of law* we cannot answer any one of these queries solely from the allegations of the petition without grievously usurping the lawful authority of the jury. These are factual questions which the petition presents and which the jury alone must determine from the evidence presented at the trial.

The petition alleges that the decedent, after driving past the wire himself but recognizing the danger it created for other highway travelers, got out of his automobile and tried to stop other drivers. It alleges that a force not originated by the decedent caused the fatal wire to move and strike him. The petition is not susceptible to the inference that the wind was blowing the wire before the decedent moved to the place where it contacted him, or that the wire was in a position where an approaching car would necessarily cause it to be moved toward him. Neither does the petition show that the decedent walked so close to the wire that he must necessarily have foreseen that he would in some way come in contact with it.

All counsel in their briefs dwell at length on the legal principle that "danger invites rescue." Under the allegations of the petition here, this aspect of negligence law enters into the problem only with regard to the jury question as to whether any normally foreseeable risk found to be taken by the decedent was reasonable under the circumstances. Restatement, Torts, § 472. If the decedent reasonably apprehended danger to others and if to warn or rescue them he did expose himself to some risk, was the risk the decedent took reasonable in view of the reasonably anticipated injury to others that he tried to prevent? In other words, "Does the stimulus of the negligence under the circumstances call for the effort to rescue as a normal reaction to the situation, which cannot be said to be rash and reckless?" *Rushton v. Howle,* 79 Ga. App. 360 (53 SE2d 768). "In cases where one's negligence causes injury or danger to another the negligence which causes the injury or danger is negligence as to the rescuer, and efforts to rescue will not be considered negligent if they are not rash or wanton. Whether the rescuer acts rashly or wantonly, except in plain and indisputable cases, is a question for the jury." *Blanchard v. Reliable Transfer Co.,* 71 Ga. App. 843, 845 (32 SE2d 420); see also *Fuller Const. Co. v. Elliott,* 92 Ga. App. 309, 316 (88 SE2d 413); *Wilson v. Central of Ga. R. Co.,* 132 Ga. 215 (63 SE 1121); *Usry v. Small,* 103 Ga. App. 144 (118 SE2d 719).

Since the petition is not subject to the inference that the danger to the decedent from the wire at the place where he walked was

known and obvious to him, the cases cited by counsel for the defendant which denied recovery to one who deliberately went into a place of danger known and obvious to him, or a danger concealed by darkness, are not in point and do not control this case. See *Read v. City &c. R. Co.*, 115 Ga. 366 (41 SE 629); *Columbus R. Co. v. Dorsey*, 119 Ga. 363 (46 SE 635); *Central of Ga. R. Co. v. Roberts*, 213 Ga. 135 (97 SE2d 149); *Little v. Rome R. &c. Co.*, 35 Ga. App. 482 (133 SE 643); *Dacus v. Dickenson Trust Co.*, 65 Ga. App. 872 (16 SE2d 786); *Bryant v. Pittman*, 101 Ga. App. 842 (115 SE2d 418). Neither are those cases cited applicable to the present petition which have held that a person who deliberately touched or attempted to move a known dangerous electrical wire cannot recover. See *Taylor v. Morgan*, 54 Ga. App. 426 (188 SE 44); *Laseter v. Clark*, 54 Ga. App. 669 (189 SE 265); *Carroll Electric Membership Corp. v. Simpson*, 106 Ga. App. 29 (126 SE2d 310).

If an inference is to be drawn from this petition, it must be that the decedent intended to avoid touching the wire. "The culpability of the actor's conduct must be judged in the light of the possibilities apparent to him at the time, and not by looking backward 'with the wisdom born of the event'. The standard must be one of conduct, rather than of consequences. It is not enough that everyone can see now that the risk was great, if it was not apparent when the conduct occurred." Prosser, Torts (2d Ed. 1955) § 30, p. 121.

The petition alleges facts which create an issue whether the deceased by his conduct, judged by the standard of that of a reasonable man in like circumstances, exposed himself to a foreseeable unreasonable risk of harm. Inasmuch as fair-minded men could disagree on the issues as they appear from the petition, this court must withhold judgment upon them as a matter of law and leave them to be decided by the jury as matters of fact. *Columbus Power Co. v. Puckett*, 24 Ga. App. 390 (100 SE 800); *City of Thomaston v. Atkinson*, 25 Ga. App. 615, 617 (103 SE 876); *Georgia Power Co. v. Puckett*, 50 Ga. App. 720 (179 SE 284), reversed on other grounds in 181 Ga. 386 (182 SE 384); *City of Sylvania v. Neesmith*, 97 Ga. App. 758 (104 SE2d 522); *Allen v. Gornto*, 100 Ga. App. 744, 750 (112 SE2d 368).

The trial court erred in sustaining the defendant's general demurrer and dismissing the petition.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*

BELL, Presiding Judge. *On various motions of opposing counsel.*

After publication to the parties of the opinion and judgment of the court, the defendant in error filed its motion for rehearing. This motion was denied on June 19, 1964. Notice of the denial was dispatched by the clerk to counsel for the parties. On July 1, 1964, the clerk of this court transmitted the remittitur to the clerk of the trial court as authorized by Rule 44, 100 Ga. App. 875. No further action was taken until July 13, 1964, when one of counsel for the defendant in error filed with the clerk a sworn motion seeking recall of the remittitur containing the judgment of this court which had previously been forwarded to the clerk of the superior court. This motion was indicated because counsel had not complied with the requirement of notice to be given within ten days to the clerk of this court of their intention to apply for the writ of certiorari to the Supreme Court nor of ordering a certified copy of so much of the record as might be desired. See Rule 45, 100 Ga. App. 875 and Rule 44, 214 Ga. 876.

On review of the motion, the court was of the opinion that it set forth no valid reasons why it should be granted. On the contrary, there were three cogent reasons why it should not be favored: (1) The motion was not served on opposing counsel; (2) the motion showed on its face that one of counsel had received the notice of the denial of the motion for rehearing and that more than ten days had elapsed after he did so before the motion was filed; and (3) no reasons of sufficient substance were otherwise shown in the motion to demand its approval. Indeed, it was enough to suggest a denial that the motion itself affirmatively disclosed that one of counsel had received the notice. *Service of notice on one of counsel for a party is sufficient notice to bind the party whether others of his counsel in the cause were served or not. Clark v. The Pigeon Roost Mining Co.,* 29 Ga. 29 (3); *Hulsey v. Atlanta Transit Co., Inc.,* 214 Ga. 210 (104 SE2d 94); *Ware v. Ware & Harper,* 20 Ga. App. 202 (1) (92 SE 961); *Bacon Grocery Co. v. Johnson,* 107 Ga. App. 775, 781, n 7 (131 SE2d 140).

Notwithstanding its opinion adverse to the movant on the merits of the motion, the court did not wish to deny to the party a possible review by the Supreme Court of its own opinion and judgment entered in the cause. The court reasoned that doubt as to compliance with Supreme Court rules regarding certiorari alone was involved and that these doubts, in keeping with decorum, should be left to the Supreme Court for resolving. We felt that Rule 44 of that court, 214 Ga. 876, should be left to it to enforce or not as it saw fit. Acting on this logical conclusion, the court entered an order recalling the remittitur as having been "inadvertently" issued. The court did not vacate its judgment denying the motion for rehearing of the defendant in error, but merely sought by its order to leave things in the status quo so as not to impede the Supreme Court in its ultimate consideration of the petition for certiorari.

Counsel for the plaintiff in error have now filed a motion seeking our reconsideration of the order recalling our remittitur on the ground that it was void and beyond our jurisdiction. This has caused us to further research the issue and to conclude from binding precedents thus discovered, that we have indeed erred in issuing the order.

"The motion . . . was received after the judgment of this court had been pronounced and entered upon its minutes, and the remittitur had been issued and *transmitted* to the trial court and *there received*. In these circumstances this court lost jurisdiction of the case, and can not make any further order having the effect to alter or change the judgment pronounced. The rule would be different where the remittitur had been transmitted as the result of mistake, irregularity, inadvertence, fraud, or the like." (Emphasis added.) *Byrd v. Clark,* 170 Ga. 912 (154 SE 881) ; *Hayes v. State,* 91 Ga. 43 (16 SE 270) ; *Knox v. State,* 113 Ga. 929 (39 SE 330) ; *Seaboard Air Line R. v. Jones,* 119 Ga. 907 (47 SE 320) ; *Curry v. Construction & General Laborers Union Local No. 438, AFL-CIO,* 219 Ga. 38 (131 SE2d 559).

Previously to the discovery of these precedents the court was under the erroneous impression that it retained jurisdiction of the case until its judgment was formally entered as the judgment of the trial court. But from those authorities it is clear that

our jurisdiction was divested when our remittitur had been issued, transmitted to the trial court, and *there received.*

The motion of the defendant in error having affirmatively disclosed that the remittitur of this court had been returned to the lower court, we must declare our order recalling it null and void and of no effect for lack of jurisdiction. The void order must be vacated and ordered stricken from the minutes of this court.

We feel impelled to rectify one other error. The order declared void recited that it was "inadvertently" transmitted to the trial court. The choice of the word "inadvertently" was ill-considered. There was no inadvertence in the transmittal of the remittitur either by the court or the clerk. The transmittal was occasioned simply by the full compliance with Rule 44 of this court. See 100 Ga. App. 875.

*The void order recalling the remittitur is vacated and is ordered stricken from the minutes of this court. Jordan and Eberhardt, JJ., concur.*