## 44577. GENERAL TELEPHONE COMPANY OF THE SOUTHEAST v. RUTLAND.

DEEN, Judge. The plaintiff was injured while returning from a house to his automobile which was in front of the house on the south side of a street, when a telephone wire lying in the driveway and which was being strung by the defendant from a pole on the north side of the street to a house in the rear, and which line either lay in the street proper or sagged near its surface, was caught in the bumper of a passing automobile and whipped against the plaintiff's legs, causing him to fall. The defendant appeals from the denial of its motion for summary judgment on the grounds that (1) any negligence on its part was perfectly apparent to the plaintiff who, by walking near the wire, assumed the risk of injury; (2) its negligence, if any, was not the proximate cause of injury, since the line was harmless until struck by the automobile (3) the plaintiff caused his own injuries by parking with his car facing in the wrong direction, the presence of his car causing the passing automobile to move to the north side of the street and hit the telephone line and (4) he actually saw the approaching automobile and should have anticipated that it would become entangled with the wire. *Held:*

1. "Even a telegraph or telephone wire, placed so low on a sidewalk or street that a person using the street might come in contact with it, would be an obstruction." *City Council of Augusta v. Tharpe,* 113 Ga. 152, 158 (38 SE 389); *Southern Bell Tel. & Tel. Co. v. Howell,* 124 Ga. 1050, 1052 (53 SE 577, 4 AC 707). We have no hesitancy in holding that public utilities stringing wires across a street have a duty either to keep them out of the way of traffic or to warn traffic of their temporary presence, and that it is a jury question as to whether failure to do so is the proximate cause of injury.

2. Where one sees a utility line sagging or lying in what may be a place of peril, his conduct in the face of his recognition of a possible but at the moment static risk to constitute negligence barring recovery must be unreasonable to bar him from recovery, where some other act intervenes to cause the injury. *Slappy v. Ga. Power Co.,* 109 Ga. App. 850, 852 (137 SE2d 537). The evidence on the summary judgment motion, construed as it must be in favor of the plaintiff, does

not demand a finding that he should in the exercise of ordinary care have anticipated that the passing motorist would become entangled with the wire, nor did he have any actual visual notice until the car was approximately 8 feet from the wire, at which time he attempted ineffectually to avoid it.

3. Neither does the fact that the plaintiff had parked his vehicle with its left instead of its right side against the curb demand a finding that his own negligence was the cause of his injury. Had his car been facing in the opposite direction, and thus properly parked, the approaching automobile would have had to skirt it on the north side of the street in the same manner. It can only be reiterated that the issues raised here as to proximate cause and contributory negligence are for juries and not for courts. The trial court properly overruled the motion for summary judgment.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*

ARGUED JULY 8, 1969—DECIDED SEPTEMBER 9, 1969.

*Hatcher, Stubbs, Land & Rothschild, Albert W. Stubbs,* for appellant.

*A'Delbert Bowen,* for appellee.